UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-23110-KMM

KING MIGUEL EDDIE CRAYTON,

    Plaintiff,

v.

OPA-LOCKA POLICE DEPARTMENT,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Defendant Opa-Locka Police Department's Motion to Dismiss. (ECF No. 5). The matter was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, to take all necessary and proper action as required by law and/or to issue a Report and Recommendation regarding the Motion. (ECF No. 6). Plaintiff filed a response (ECF No. 10), to which Defendant filed a reply (ECF No. 11). Upon consideration of the Motion, Response, Reply, the record as a whole, and being otherwise duly advised in the premises, the undersigned respectfully **RECOMMENDS** that Defendant's Motion (ECF No. 5) be **GRANTED**.

**I.   BACKGROUND**[1]

This action was filed by *pro se* Plaintiff King Miguel Eddie Crayton against Defendant Opa-Locka Police Department, alleging deprivation of his civil rights under 42 U.S.C. § 1983. Plaintiff alleges that on May 13, 2020, Plaintiff was brutally beaten, tasered, hog tied, and falsely

---

[1] The following background facts are taken from the Complaint filed in Florida state court (ECF No. 1-2).

1

accused of reckless driving. (ECF No. 1-2 at 5). Plaintiff additionally alleges that Defendant violated department policies. (*Id.*).

On September 1, 2022, Plaintiff filed suit in the Circuit Court for the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. (*Id.* at 1). Plaintiff asserts claims for false imprisonment, false arrest, malicious prosecution, and deprivation of civil rights pursuant to 42 U.S.C. § 1983. (*Id.* at 5–6). Plaintiff requests five million dollars in damages for pain and suffering, and also seeks punitive damages. (*Id.* at 2, 6). On September 26, 2022, Defendant filed a Notice of Removal to this Court. (ECF No. 1).

Defendant now moves to dismiss the Complaint in its entirety for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5).

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's consideration is limited to the allegations in the complaint. *See GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the Plaintiff's favor. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). Although a plaintiff need not provide "detailed factual allegations," a complaint must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Rule 12(b)(6) does not allow dismissal of a complaint because the court anticipates "actual proof of those facts is improbable," but the "[f]actual allegations must be enough to raise a right to relief above the

speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545).

Moreover, "'*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

### III. DISCUSSION

Defendant argues that the Complaint should be dismissed on two grounds: (1) the Complaint names a non-legal authority that is not subject to suit; and (2) Plaintiff's Complaint violates Federal Rule of Civil Procedure 8 as it does not include specific facts regarding the subject arrest that forms the basis of the Complaint. (ECF No. 5 at 2–3). Plaintiff's Response did not address these arguments. (ECF No. 10).

Police departments are not usually considered legal entities subject to suit. *See Post v. City of Fort Lauderdale*, 750 F. Supp. 1131, 1133 (S.D. Fla. 1990). "[C]apacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). "Under Florida law, police departments are not legal entities amenable to suit." *Williams v. Miami-Dade Police Dep't*, 297 F. App'x 941, 945 (11th Cir. 2008) (internal citations and quotations omitted); *see also Dean*, 951 F.2d at 1214–15; *Nettles v. Pensacola Police Dep't*, 423 F. App'x 853, 854 n.1 (11th Cir. 2011).

In *Williams*, the Eleventh Circuit affirmed the district court's dismissal of the Miami-Dade Police Department as a party as the Miami-Dade Police Department did not have the capacity to be sued under Florida law. 297 F. App'x at 945. Likewise, Plaintiff has sued the Opa-Locka Police Department, instead of the City of Opa-Locka and the individual officers, respectively. Like *Williams,* the Opa-Locka Police Department does not have the capacity to be sued under Florida law. Accordingly, the undersigned recommends that the Opa-Locka Police Department be dismissed as a party to this action, and thus, as Opa-Locka Police Department is the sole defendant, that Plaintiff's Complaint be dismissed altogether.

Regarding the sufficiency of Plaintiff's Complaint, Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1).

Plaintiff's Complaint alleges that on May 13, 2020, Plaintiff was brutally beaten, tasered, hog tied, and falsely accused of reckless driving. (ECF No. 1-2 at 5). Plaintiff additionally asserts that Defendant violated department policies. (*Id.*). However, Plaintiff's Complaint does not provide any further description of his claim. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Plaintiff's Complaint, when liberally construed, contains claims for (1) false arrest, (2) false imprisonment, (3) malicious prosecution, and (4) deprivation of civil rights pursuant to 42 U.S.C. § 1983. (ECF No. 1-2 at 5–6).

As to Plaintiff's claim for false arrest, a warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a § 1983 claim for false arrest. *Ortega v. Christian*,

85 F.3d 1521, 1525 (11th Cir. 1996). An arrest made with probable cause, however, constitutes an absolute bar to a § 1983 action. *Marx v. Gumbinner*, 905 F.2d 1503, 1505 (11th Cir. 1990). Probable cause to arrest exists if the facts and circumstances within the officer's knowledge, of which he has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed or is committing an offense. *Id.* Plaintiff's Complaint does not provide sufficient detail on the circumstances of his arrest to determine if Plaintiff was arrested without probable cause. Plaintiff states he was falsely accused of reckless driving, but Plaintiff does not detail if his claim for false arrest relates to this alleged false accusation of reckless driving. Plaintiff's Complaint does not describe the events of his arrest, except for his allegations that he was brutally beaten, tasered, and hog tied. These facts, however, do not speak to whether he was arrested with or without probable cause. As such, Plaintiff's Complaint does not provide a short and plain statement of a claim for false arrest showing that he is entitled to relief.

Regarding Plaintiff's claim of false imprisonment, detention on the basis of a false arrest presents a viable § 1983 action for false imprisonment. *Ortega*, 85 F.3d 1521 at 1526. A false imprisonment claim under § 1983 is based on Fourteenth Amendment protections against deprivations of liberty without due process of law. *Baker v. McCollan*, 443 U.S. 137, 142 (1979). Where a police officer lacks probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest. *Ortega*, 85 F.3d at 1526. Plaintiff's Complaint does not provide sufficient factual detail on his claim for false arrest or indicate if Plaintiff was subsequently detained. Accordingly, Plaintiff's Complaint does not provide a short and plain statement of a claim for false imprisonment showing that he is entitled to relief.

To establish a federal malicious prosecution claim under § 1983, Plaintiff must prove a violation of his Fourth Amendment right to be free from unreasonable seizures in addition to the elements of the common law tort of malicious prosecution. *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). Under Florida law, Plaintiff must establish six elements to support a claim for the tort of malicious prosecution: (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding. *Melford v. Kahane & Assocs.*, 371 F. Supp. 3d 1116, 1123–24 (S.D. Fla. 2019). To withstand a motion to dismiss, "the complaint must allege facts sufficiently setting forth the essential elements of a cause of action." *Wein v. Am. Huts, Inc.*, 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004). Plaintiff's Complaint does not identify what original judicial proceeding would support his claim for malicious prosecution or if an original judicial proceeding occurred. Accordingly, Plaintiff's Complaint does not provide sufficient factual allegations setting forth the essential elements of a claim for malicious prosecution.

To recover under § 1983 for the deprivation of civil rights, Plaintiff must prove that Defendant acted under color of state law to deprive him of a right secured either under the Constitution or under federal law. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999). However, Plaintiff has not demonstrated what right, independent of those mentioned above, he was deprived of to support a separate claim under § 1983 for the deprivation of civil rights. As

such, Plaintiff's Complaint does not provide a short and plain statement for a § 1983 claim for the deprivation of civil rights showing that he is entitled to relief.

Given the deficiencies found in Plaintiff's Complaint as detailed above, Plaintiff's Complaint does not satisfy the pleading standard under Federal Rule of Civil Procedure 8.

Notwithstanding, and construing Plaintiff's filings liberally, Plaintiff appears to desire to amend his complaint, as explained in his Response to Defendant's Motions to Dismiss. (ECF No. 10). Plaintiff's Response states, "I amended all cases concerning the individual police officers thats involved or employed by the Opa-Locka Police Department." (ECF No. 10 at 1). Plaintiff's Response also includes amended statements of claims that identify individual defendants that Plaintiff represents are "involved or employed by the Opa-Locka Police Department." (*Id.* at 1, 5–9). However, Plaintiff's Response does not properly amend his Complaint as "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

Therefore, the undersigned further recommends dismissal without prejudice with leave to file an amended complaint to remedy the foregoing defects and plead additional factual allegations. *Carter v. HSBC Mortg. Servs., Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015) (stating that a *pro se* plaintiff "'must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice,' at least where a more carefully drafted complaint might state a claim.").

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Defendant's Motion to Dismiss (ECF No. 5) be **GRANTED**. It is **FURTHER RECOMMENDED** that:

1. Plaintiff's claims against the Opa-Locka Police Department be **DISMISSED, without prejudice**.

2. Opa-Locka Police Department be **TERMINATED** as a party to this action.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 22nd day of April, 2023.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable K. Michael Moore
      Counsel of record